IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20477
Conference Calendar

_____

JAY TODD NEESE,

                                        Plaintiff-Appellant,

versus

J. KATZ ET AL.,

                                        Defendants,

J. KATZ; R. HEALY; J. LEEVES, Doctor;
S. YOUNG; J. JACKSON; P. DALY, Ms.;
R. MCKINNEY, Mrs.; M. CULLEY, Ms.,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-3707
- - - - - - - - - - -

February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Jay Todd Neese, Texas inmate #349086, appeals the dismissal as frivolous of his civil rights complaint. He argues that his complaint should not have been dismissed because of the following

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedural irregularities at the <u>Spears</u>[***] hearing:  1) the TDCJ defendants failed to provide Neese a copy of the relevant TDCJ records; 2) the district court improperly used the medical record to refute Neese's claim; and 3) Neese was unable to object to evidence or to cross-examine witnesses.  We have carefully reviewed Neese's arguments and the appellate record.  We detect no error in the use of the administrative records at the <u>Spears</u> hearing or in the manner in which the district court conducted that hearing.  See <u>Banuelos v. McFarland</u>, 41 F.3d 232, 235 (5th Cir. 1995); <u>see also</u> <u>Wilson v. Barrientos</u>, 926 F.2d 480, 482-83 (5th Cir. 1991).

A review of Neese's allegations, from his complaint, from the answers in his more definite statement, and from his testimony at the hearing, reveal that the removal of the lower-bunk restriction and the seventeen-month period preceding the restriction being again placed on Neese's medical classification record amounted to no more than medical malpractice.  See <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).  The district court did not abuse its discretion in dismissing the complaint as frivolous.  See <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997).

AFFIRMED.

---

[***]  <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).